<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NATHANIEL DAVIES,<br><br>       Petitioner,<br><br>       v.<br><br>ROY L. HENDRICKS, et al.,<br><br>       Respondents. | Civil Action No. 13-2806 (WJM)<br><br><br>OPINION |

**APPEARANCES**:

    NATHANIEL DAVIES, A 046 824 674
    Essex County Correctional Center
    354 Doremus Avenue
    Newark, New Jersey 07105
    Petitioner *Pro Se*

<u>**MARTINI, District Judge**</u>:

    This is the second Petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, filed by Nathaniel Davies, in which he challenges his post-removal-period detention at Essex County Correctional Center, where he is being held in the custody of the Department of Homeland Security ("DHS") without a bond hearing. *See Davies v. Hendricks*, Civ. No. 13-2218 (WJM) (D.N.J. filed Apr. 9, 2013). On April 19, 2013, this Court summarily dismissed Davies' first petition because he failed to allege facts showing: (1) he has been detained for more than six months after the beginning of the removal period, and (2) there is "good reason to believe that there is no significant likelihood of removal [to Liberia] in the reasonably foreseeable future," as required by *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). The dismissal was "without prejudice

to the filing of a new § 2241 petition (in a new case) after April 25, 2013, in the event that Davies can allege facts showing good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future." *Davies*, Civ. No. 13-2218 (WJM) Opinion at 9.

On April 26, 2013, Davies signed the present Petition, in which he alleges that his continued detention is unlawful under *Zadvydas* and federal law. Although the government has detained Davies beyond the six-month presumptively reasonable period of post-removal-period detention (which expired on April 25, 2013), this Court is constrained to dismiss the new Petition; like the first petition, this Petition does not allege facts showing that there is "good reason to believe that there is no significant likelihood of removal [to Liberia] in the reasonably foreseeable future," *Zadvydas*, 533 U.S. at 701, or that Davies' detention is otherwise in violation of federal law.

## I.   BACKGROUND

Nathaniel Davies asserts that he is a native and citizen of Liberia. On September 25, 1999, he entered the United States as a lawful permanent resident. On February 16, 2012, DHS issued a notice to appear for removal based on one or more of Davies' drug convictions. When New Jersey released Davies on parole on June 21, 2012, DHS took him into custody pursuant to a detainer and confined him at Essex County Correctional Center, where he is currently detained. On September 25, 2012, an Immigration Judge ordered him removed to Liberia. Davies did not appeal to the Board of Immigration Appeals.

On December 26, 2012, DHS informed Davies that, after a review of his file and consideration of any information he submitted to reviewing officials, it decided not to release

2

him from custody pending his removal to Liberia. (ECF No. 1-1 at 3.) Specifically, DHS determined that, based on his extensive criminal history since 2005 and his conviction for distribution and manufacture of heroin and cocaine, his release would pose a danger to the community. *Id.* On March 27, 2013, DHS informed Davies that, after conducting another review of his file and considering any information submitted by Davies, DHS had again decided not to release Davies pending his removal. (ECF No. 1-1 at 8.) Specifically, March 27th the decision states:

> A request for a travel document was submitted on your behalf to the government of Liberia. The government of Liberia has not denied issuing you a travel document and the request is still pending. Your removal to Liberia is expected to occur in the reasonably foreseeable future; therefore you are to remain in ICE custody at this time.
>
> This decision, however, does not preclude you from bringing forth evidence in the future to demonstrate a good reason why your removal is unlikely.

(ECF No. 1-1 at 8.)

Davies asserts that "[i]t is patently obvious that Respondents are unable to obtain travel documents." (ECF No. 1-3 at 2.) He challenges his detention on the following grounds:

> Ground One: MY CURRENT DETENTION IS UNLAWFULLY PROLONGED AND ABROGATES ZADVYDAS V. DAVIS.
>
> Supporting Facts: I have been held in detention for over six months after a final order of removal was entered against me. I have cooperated fully with ICE's efforts to remove me, yet they have been unable to do so.
>
> Ground Two: RESPONDENT[]S HAVE NOT PROVIDED ME WITH A CONSTITUTIONALLY ADEQUATE CUSTODY REVIEW AND HAVE ONLY CONDUCTED FILE REVIEWS TO DETERMINE MY CUSTODY.
>
> Supporting Facts: A file custody review was conducted on [March 27, 2013,] where ICE decided to continue my detention, I was never personally interviewed or given a fair opportunity to show why I should be released.

Ground Three:   RESPONDENTS HAVE NOT SHOWN CAUSE WHY MY DETENTION PAST THE PRESUMPTIVE SIX MONTH PERIOD IS CONSTITUTIONALLY FAIR OR JUST.

Supporting Facts:   In abrogating Zadvydas, a Supreme Court precedent, the respondents at the very least should be ordered to show cause why my detention has exceeded the presumptive six month period after a final order of removal has been given.

Ground Four:   I AM ENTITLED TO RELIEF UNDER ZADVYDAS V. DAVIS.

Supporting Facts:   (see foregoing grounds I through III).

(ECF No. 1 at pp. 6-8.)

Davies seeks a writ of habeas corpus ordering respondents to show why his detention is still lawful and warranted, or ordering his release under supervision.  (ECF No. 1 at 8.)  Davies' also seeks (1) an order to show cause why he should not be either released under supervision or why the Court should not direct DHS to conduct a "constitutionally adequate hearing where Respondent can demonstrate that the continued detention of Petitioner is justified" (ECF No. 1-2 at 1), and (2) a temporary restraining order preventing Respondents from transferring Petitioner outside the jurisdiction of this Court pending the outcome of this proceeding.  (ECF No. 1-3 at 3.)

## II.  DISCUSSION

A.  Jurisdiction

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).  This Court has subject matter jurisdiction over the Petition under § 2241 because Petitioner was detained within its jurisdiction

4

in the custody of the DHS at the time he filed his Petition, *see Spencer v. Kemna*, 523 U.S. 1, 7 (1998), and he asserts that his detention violates federal law and his constitutional rights.  *See Bonhometre v. Gonzales*, 414 F.3d 442, 445-46 (3d Cir. 2005).

B.  Standard of Review

> "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."  *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000); *Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985).   Habeas Rule 4 requires a district court to examine a habeas petition prior to ordering an answer and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b).   Dismissal without the filing of an answer or the State court record is warranted "if it appears on the face of the petition that petitioner is not entitled to relief."  Id.; *see also McFarland*, 512 U.S. at 856; *Thomas*, 221 F.3d at 437 (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

C.  Legality of Detention

The Immigration and Nationality Act ("INA") authorizes the Attorney General of the United States to issue a warrant for the arrest and detention of an alien pending a decision on whether the alien is to be removed from the United States.  *See* 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States . . .").   *See Demore v. Kim*, 538 U.S. 510 (2003) ("Detention during removal proceedings is a constitutionally permissible part of that process").   Once an alien's order of removal is final, the Attorney General is required to remove him or her from the United States within a 90-day "removal period."  *See* 8 U.S.C. § 1231(a)(1)(A) ("Except as otherwise provided in this section, when an alien is ordered removed,

the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period').")   8 U.S.C. § 1231(a)(1)(A).

This 90-day removal period begins on the latest of the following:

> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

Section § 1231(a)(2) requires DHS to detain aliens during this 90-day removal period. *See* 8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General shall detain the alien").  However, if DHS does not remove the alien during this 90-day removal period, then § 1231(a)(6) authorizes DHS to thereafter release the alien on bond or to continue to detain the alien.  Specifically, § 1231(a)(6) provides:

> An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6).

The Supreme Court held in *Zadvydas* that § 1231(a)(6) does not authorize the Attorney General to detain aliens indefinitely beyond the removal period, but "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's

6

removal from the United States." *Zadvydas*, 533 U.S. at 689. To guide habeas courts, the Supreme Court recognized six months as a presumptively reasonable period of post-removal-period detention. *Id.* at 701. But the Supreme Court also held that, to state a claim under § 2241, the alien must provide in the petition good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Zadvydas*, 533 U.S. at 701.

In this case, Davies states that an Immigration Judge ordered his removal on September 25, 2012, and he did not appeal the order of removal to the Board of Immigration Appeals. In the absence of an administrative appeal, his order of removal became final[1] on October 25, 2012, when the time for seeking review by the BIA expired. *See* 8 C.F.R. § 1240.15 (An appeal from a decision of an immigration judge to the BIA "shall be filed within 30 calendar days after the mailing of a written decision, the stating of an oral decision, or the service of a summary

---

[1] An order of removal becomes "final upon the earlier of - (i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." 8 U.S.C. § 1101(a)(47)(B); *see also* 8 C.F.R. § 1241.1; *Giraldo v. Holder*, 654 F.3d 609, 611 (6th Cir. 2011); *Hakim v. Holder*, 611 F.3d 73, 77 (1st Cir. 2010); *Chupina v. Holder*, 570 F.3d 99, 103 (2d Cir. 2009); *United States v. Calderon-Minchola*,

7

decision"). Since the removal period begins on the "date the order of removal becomes administratively final," 8 U.S.C. § 1231(a)(1)(B)(i), Davies' removal period began on October 25, 2012, when the time to appeal to the BIA expired. The six-month presumptively reasonable period of post-removal-period detention expired on April 25, 2013, one day before Davies signed his latest § 2241 Petition.

Davies argues that his detention beyond the presumptively reasonable six-months violates *Zadvydas*, but the *Zadvydas* Court emphasized that "[t]his 6-month presumption [ ] does not mean that every alien not removed must be released after six months." *Zadvydas*, 533 U.S. at 701. Rather, as this Court explained in its prior Opinion, to state a claim for habeas relief under *Zadvydas*, an alien must provide in the petition good reason to believe that his or her removal is not foreseeable. Contrary to Davies' contention, in the absence of such an initial showing by Davies, DHS does not have to respond by showing that removal is reasonably foreseeable. *See Zadvydas*, 533 U.S. at 701 ("After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."); *see also Barenboy v. Attorney General of U.S.*, 160 Fed. App'x 258, 261 n.2 (3d Cir. 2005) ("Once the six-month period has passed, the burden is on the alien to provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future . . . . Only then does the burden shift to the Government, which must respond with evidence sufficient to rebut that showing") (citation and internal quotation marks omitted).

---

351 Fed. App'x 610, 611 n.1 (3d Cir. 2009).

Davies also argues that DHS violated his due process rights by failing to give him a hearing. This claim lacks merit because, under the rationale of *Zadvydas*, an alien is not entitled to a hearing unless he has been detained beyond the presumptively reasonable six month period *and* he alleges facts showing that there is no significant likelihood of removal in the reasonably foreseeable future. *Zadvydas*, 533 U.S. at 701.[2]

Finally, to the extent that Davies argues that DHS failed to comply with regulations pertaining to the custody review process, *see* 8 C.F.R. §§ 241.4, 241.13, this claim will be dismissed without prejudice. The documents attached to the Petition show that DHS officials conducted administrative custody reviews on December 26, 2012, and March 27, 2013. Because Davies's Petition does not specify how his custody reviews violated the regulations, he has not pled sufficient facts to avoid summary dismissal of this claim.[3] *See United States v. Thomas*, 221 F.3d at 437-438 (habeas claim supported by vague and conclusory allegations may be summarily dismissed without further investigation).

The instant Petition must be dismissed because Davies "has made no showing whatever that there is 'no significant likelihood of removal in the reasonably foreseeable future,'" *Encarnacion-Mendez v. Attorney General of U.S.*, 176 Fed. App'x 251, 254 (3d Cir. 2006), and

---

[2] This Court declines to adopt the Ninth Circuit's holding in *Diouf v. Napolitano*, 634 F.3d 1081, 1092 (9th Cir. 2011), that "an alien facing prolonged detention under § 1231(a)(6) is entitled to a bond hearing before an immigration judge and is entitled to be released from detention unless the government establishes that the alien poses a risk of flight or a danger to the community."

[3] Notably, the regulations pertaining to post-removal-period custody reviews do not require a hearing or an interview prior to the issuance of a decision. *See* 8 C.F.R. §§ 241.4(h)(1), 241.13(e), (f), (g); *cf. Diouf v. Napolitano*, 634 F.3d 1081, 1091-92 & n.12 (9th Cir. 2011).

he has not otherwise shown that his detention is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see, e.g., Joseph v. United States*, 127 Fed. App'x 79, 81 (3d Cir. 2005) ( "Under *Zadvydas*, a petitioner must provide 'good reason' to believe there is no likelihood of removal, 533 U.S. at 701, and Alva has failed to make that showing here."); *Soberanes v. Comfort*, 388 F. 3d 1305 (10th Cir. 2004) (affirming dismissal of § 2241 petition challenging detention pursuant to § 1231(a)(6) where petitioner failed to provide good reason to believe that there is no likelihood of removal); *Akinwale v. Ashcroft*, 287 F. 3d 1050, 1052 (11th Cir. 2002) ("in order to state a claim under *Zadvydas* the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future"). The dismissal is without prejudice to the filing of a new § 2241 petition (in a new case), in the event that Davies can allege facts showing good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future.[4]

---

[4] Alternatively, if Davies has reason to believe that his removal in the reasonably foreseeable future is not likely, he may at any time ask DHS to review his detention and he may submit written documentation supporting his request. *See* 8 C.F.R. § 241.13(d)(1) ("An eligible alien may submit a written request for release to [DHS] asserting the basis for the alien's belief that there is no significant likelihood that the alien will be removed in the reasonably foreseeable future. The alien may submit whatever documentation to [DHS] he or she wishes in support of the assertion that there is no significant likelihood of removal in the reasonably foreseeable future.")

### III.   CONCLUSION

For the foregoing reasons, this Court will dismiss the Petition.

s/William J. Martini

_____
**WILLIAM J. MARTINI, U.S.D.J.**

DATED: June 10, 2013